FILED'10 NOV 08 13:29USDC-ORE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        **Plaintiff,**

        v.                                    Case No. CR 04-60059-1-AA

DAVID DEXTER SECHLER,

        **Defendant.**

## ORDER REVOKING SUPERVISED RELEASE

On January 6, 2005, the defendant appeared before this court, for sentencing following his plea of guilty to Bank Robbery. He was sentenced to seventy-eight (78) months custody followed by a three (3) year term of supervised release, upon the standard and special conditions. The term of supervised release commenced on September 7, 2010.

On September 24, 2010, this court issued a petition for warrant and order to show cause why the term of supervised release order previously granted should not be revoked based on the probation officer's allegation that defendant violated the conditions of release.

On November 3, 2010, the defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by engaging in new criminal activity.

ORDER REVOKING SUPERVISED RELEASE - PAGE 1

THE COURT FINDS that the defendant has violated conditions of his supervised release as set forth above, said violation constitutes a Grade B violation pursuant to Guideline § 7B1.1(a)(2). A Grade B violation coupled with the defendant's Criminal History Category of VI, produces a suggested imprisonment range of 21 to 27 months (§ 7B1.4 Revocation Table).

IT APPEARS TO THE COURT that the defendant is no longer amenable to supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of thirty (30) days. A term of supervised release is reimposed for a period of thirty-five (35) months under the previously imposed conditions of supervision and the following new conditions:

1. The defendant shall reside in and successfully participate in the program of a residential reentry center for no more than (120) days, to be released at the direction of his probation officer.
2. The defendant shall participate in a mental health evaluation and successfully complete any recommendation for treatment.
3. The defendant shall take psychotropic medication, if medically approved for the treatment of a mental or emotional disorder as directed by his probation officer.
4. The defendant shall sit in Reentry Court at the direction of his probation officer. The next session is Tuesday, November 23, 2010 at 1:30pm on the 5th floor of the U.S. Courthouse.

All other conditions and terms of supervised release previously imposed shall remain in full force and effect.

Dated this _9_ day of November, 2010.

_____
**ANN AIKEN**
**United States District Judge**

ORDER REVOKING SUPERVISED RELEASE - PAGE 2